Mr. David B. Higginbottom City Attorney City of Frostproof Post Office Box 697 Frostproof, Florida 33843
Dear Mr. Higginbottom:
This is in response to your request for an opinion on substantially the following question:
 DOES THE CITY OF FROSTPROOF NEED TO CONFORM TO A SPECIFIC PROCEDURE OR METHOD WHEN SELLING SURPLUS MUNICIPAL REAL PROPERTY OR DOES THE GOVERNING BODY OF THE CITY HAVE THE DISCRETION TO CHOOSE WHATEVER METHOD IT DECIDES WILL BE MOST LIKELY TO PRODUCE THE BEST PRICE FOR THE PROPERTY?
According to your letter and supplemental information furnished this office, the City Council of the City of Frostproof is contemplating the sale of its old city hall which is no longer needed for municipal use or purposes. The city charter and the Florida Statutes are silent on prescribing a procedure for disposition or sale of city-owned real property and you inquire whether the city is still required to follow a specific procedure of method when disposing of surplus municipal real property.
The Municipal Home Rule Powers Act, Ch. 166, F.S., grants to municipalities broad home rule powers. Section 166.021(1) states:
 As provided in s. 2(b), Art. VIII of the State Constitution, municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.
See also, s 166.021(4), F.S., stating that the provisions of s166.021, F.S., shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the Constitution and that it is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the Constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited.
Section 6, Art. I, Ch. 8955, 1921, Laws of Florida, generally empowers the city to hold and dispose of real estate for the benefit of the city and specifically authorizes the city to acquire and hold real property to be used for a city hall and to sell or dispose of the same for the benefit of the city to the same extent that a natural person might do. Pursuant to s166.021(5), F.S., these provisions of Ch. 8955, supra, along with other provisions of Ch. 8955 pertaining exclusively to the power of the municipality were converted to an ordinance of the city on the effective date of Ch. 73-129, Laws of Florida, October 1, 1973, subject to modification or repeal as other ordinances. No procedural conditions or restrictions are placed on this power of the city to sell or dispose of its real property, except that any such sale shall by for the benefit of the city. See generally, 63 C.J.S. Municipal Corporations s 962c. at p. 513 stating that insofar as no statute or ordinance governs matters of procedure, they may be committed to the discretion of the municipal authorities.
Section 166.77, F.S. 1971, which was repealed by Ch. 73-129, Laws of Florida (the Municipal Home Rule Powers Act), granted additional or supplemental authority to the governing bodies of municipalities in the state to sell their real property not needed for municipal use `to the highest and best bidder after notice thereof is published once a week for at least two weeks in some newspaper of general circulation in the municipality, calling for bids.' Section 166.042(1), F.S., of the Municipal Home Rule Powers Act, states that it is the legislative intent that the repeal of the above statute, in addition to others enumerated therein, shall not be interpreted to limit or restrict the powers of municipal officials but shall be interpreted as a recognition of residual constitutional home rule powers in municipal government which can best be accomplished by the removal of legislative direction from the statutes. Moreover, in s 166.042(1), supra, the Legislature further expresses its intent that municipalities continue to exercise all powers conferred on municipalities by, inter alia, Ch. 167, supra, `but shall hereafter exercisethose powers at their own discretion, subject only to the termsand conditions which they choose to prescribe.' (e.s.)
In accordance with the above, it appears clear that the Legislature not only granted municipalities in the state the authority to continue to exercise all powers previously conferred by Ch. 167, F.S. 1971, and in this instance, particularly s 167.77, F.S. 1971, but additionally left it up to the municipalities' own discretion to determine what terms, conditions, and methods to employ in exercising the power to sell or dispose of surplus municipal real property. Compare, AGO 080-49 concluding that a municipality may, by virtue of broad home rule powers implemented by ss 166.021(4) and (5), 166.031, 166.042(1), and 167.06 and Ch. 180, F.S., establish a procedure for direct negotiation and contracting for residential garbage collection and disposal services without competitive bidding by ordinance or amendment of the charter; and AGO 079-79, in which it was opined that a municipality has the power and authority to acquire and dispose of real property by means of an exchange of property so long as for a valid municipal purpose and not expressly prohibited by law.
In summary, it is my opinion that in the absence of a city charter provision requiring the governing body of a municipality to proceed in a certain manner in the sale of surplus municipal real property no longer needed for municipal use or purposes, the governing body may, in its discretion, choose and utilize whatever method or procedure it decides will be in the best interest of the city and most likely produce the best price for the property.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General